# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:08-CR-00021-TBR

**JAMES IVY**                                                                                   **APPELLANT**

**v.**

**UNITED STATES OF AMERICA**                                        **APPELLEE**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on appeal from the United States District Court Western District of Kentucky Fort Campbell Division. James Ivy appeals from proceedings before the magistrate judge which concluded in a plea of guilty and entry of a judgment and conviction (DN 14). Appellee, the United States, has filed a brief in response (DN 15). Appellant has filed a brief in reply (DN 16). This matter is now ripe for adjudication. The Court now AFFIRMS the judgement and conviction and DISMISSES the appeal.

## BACKGROUND

Appellant, James Ivy, was charged by Information with the offense of sexual abuse in the third degree pursuant to Kentucky Revised Statutes section 510.030. This offense is classified as a Class B misdemeanor and carries a possible penalty of a fine of not more than $250 and imprisonment of not more than ninety days.

Ivy was arraigned on May 1, 2008, and through retained counsel, Mr. Todd Hansrote, entered a plea of "not guilty." The same day, Ivy signed a two page form which acknowledged waiver of jury trial and consent to proceedings before a magistrate judge on the top of the second page. On May 12, 2008, Ivy filed a motion of Withdraw of Consent of Waiver of Jury Trial arguing that he was not aware that after conviction on this charge he would be subject to registration as a sex offender. As a resident of Tennessee, Ivy stated that he would have been subject to Tennessee's sex

offender registration law if convicted as charged. The magistrate judge denied the motion on May 16, 2008, concluding that the offense was a petty offense to which the right to jury trial did not apply and Ivy had not demonstrated any additional penalties that reflected a legislative determination that the offense in question was a serious one requiring a right to jury trial.

On June 16, 2008, the date set for trial, Ivy entered a guilty plea to a reduced charge of simple assault pursuant to 18 U.S.C. 113(a)(5). Simple assault requires a deliberate touching which is patently offensive to the victim for which there was no justification or excuse. During the colloquy, Ivy initially stated the touching was accidental, but later stated the act was deliberate. An order was entered on June 23, 2008, reflecting the plea entered. Ivy filed a Motion to Withdraw Guilty Plea which was denied by the magistrate judge on July 14, 2008.

Ivy filed this appeal on June 30, 2008, and an Amended Appeal addressing the denial of withdrawal of guilty plea was filed on July 21, 2008. Ruling in this matter has been unduly delayed. There was a computer glitch and this matter did not appear on the Court's pending motions docket. It was only discovered recently.

**STANDARD**

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge . . . ." Fed. R. Crim. P. 58(g)(2)(B). "The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D).

**DISCUSSION**

Ivy appeals this matter from the magistrate judge arguing, first, that the offense with which he was charged was such that he had a right to jury trial, second, that he did not knowingly and

intelligently waive his right to jury trial, and, finally, that there was no factual basis upon the record for a plea of guilty to the offense of simple assault pursuant to 18 U.S.C. 113(a)(5).

**I. Right to Jury Trial**

"Whether a criminal defendant has been denied a constitutional right to a jury trial presents a question of law, and when deciding questions of law, an appellate court is obligated to reach conclusions independent of those reached by the trial court." Fern L. Kletter, Annotation, *Application of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403, 6 A.L.R. Fed. 2d 619 (2004), to Sex Offender Registration Statutes*, 51 A.L.R.6th 139 (2010).

"It has long been settled that 'there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.'" *Blanton v. City of North Las Vegas, Nevada*, 489 U.S. 538, 541 (1989) (quoting *Duncan v. Louisiana*, 391 U.S. 145, 159 (1968)). In *Blanton*, the Supreme Court stated that the most relevant factor in determining whether an offense is a petty offense is the severity of the maximum authorized penalty. *Id.* Penalty, the Court held, does "not refer solely to the maximum prison term authorized for a particular offense" but is "also reflected in the other penalties . . . attache[d] to the offense." *Id.* at 542. The Court went on to explain,

> We thus examine 'whether the length of the authorized prison term or the seriousness of other punishment is enough in itself to require a jury trial.' Primary emphasis, however, must be placed on the maximum authorized period of incarceration. Penalties such as probation or a fine may engender 'a significant infringement of personal freedom,' but they cannot approximate in severity the loss of liberty that a prison term entails. Indeed, because incarceration is an 'intrinsically different' form of punishment, it is the most powerful indication whether an offense is 'serious.'

*Id.* (internal quotations and citations omitted).

The Court concluded that "a defendant is entitled to a jury trial whenever the offense for

which he is charged carries a maximum authorized prison term of greater than six months." *Id.* In the case of offenses which carry a maximum prison term of less than six months, "a defendant is entitled to a jury trial . . . only if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." *Id.* at 543.

Here, Ivy was charged with violation of Kentucky Revised Statute section 510.130, sexual abuse in the third degree. This is classified as a class B misdemeanor which carries a maximum fine of $250 and up to ninety days of imprisonment. Ky. Rev. Stat. §§ 532.090 and 534.040; 18 U.S.C. §§ 3571 and 3581. Applying the standard set forth by the Supreme Court in *Blanton*, the initial charge in this case is presumptively a petty offense to which the Sixth Amendment right to jury provision does not apply.

However, in an effort to overcome this presumption, Ivy asserts that additional statutory penalties, in conjunction with the maximum authorized penalty, reflect a legislative determination that the offense in question is a serious one entitled to a right to trial by jury. Specifically, Ivy argues that, as a resident of Tennessee, if he had been convicted of this charge he would be subject to Tennessee's registered sex offender statutes. Ivy contends he would be required to register as a sex offender; request termination of registration requirements ten years after his conviction; report once a year to designated law enforcement agencies; he would be restricted in where he could live and work; and his registration information would be made public. Based on these requirements, Ivy reasons that the stigmatization attached to registration as a sex offender entitles a citizen to trial by jury. The United States argues the addition of the sex offender registration does not alter the *Blanton* analysis nor does it provide the right to a trial by jury.

4

Although this issue has not been specifically addressed by the Sixth Circuit, it has been addressed by other courts. In *Thomas v. U.S.*, the court held that the federal Sex Offenders Registration Act ("SORA") was a regulatory enactment and not a penal law, because registration was not punishment, the Sixth Amendment did not require a jury trial. 942 A.2d 1180, 1186 (D.C. Ct. App. 2008). The Sixth Circuit has similarly held that the Tennessee sex offender registration law was not intended as a punishment, but rather as regulation. *See Cutshall v. Sundquist*, 193 F.3d 466, 476 (6th Cir. 1999) (holding "the Act was not intended to punish, and its requirements do not transform the law into punishment").

Similarly, in *Rauch v. U.S.*, the defendant argued he was entitled to a right to a trial by jury because of the requirement to register as a sex offender under California law. No. 1: 07-CV-0730 WMW, 2007 WL 2900181, *3 (E.D. Cal. Sept. 28, 2007). In *Rauch*, the defendant was charged with violation of a federal statute. The court held, first, that the state's view of the seriousness of the federal offense was not relevant and, second, that only statutory penalties are to be considered. The court reasoned that the state registration requirement was not a statutory penalty since it was not enacted in conjunction with the federal statute. Finally, the court noted that the state supreme court had held that the registration requirement was not punishment for ex post facto purposes.

The facts in the case at bar are very similar to those in *Rauch*. Here, Tennessee's view of the seriousness of a Kentucky statute is not relevant to determination of the seriousness of that statute. Furthermore, the Tennessee statutes requiring registration were not enacted in conjunction with the Kentucky statute, thus, they are not statutory penalties. Finally, as stated, the Sixth Circuit has held the Tennessee registration requirement is not punishment.

The Court agrees with the rationale applied by the courts in *Thomas* and in *Rauch*. The

Court finds the requirement of registration as a sex offender does not reflect a legislative determination that the offense is a serious one for which a jury trial is required. Additionally, the Supreme Court has directed that the primary emphasis should be placed on the possible period of incarceration, which in this case is ninety days, significantly less than the threshold amount of six months. The magistrate judge's denial of Ivy's Motion to Withdraw of Consent for Case to be Heard by United States Magistrate Judge is affirmed.

As the Court has found Ivy did not have a right to a trial by jury, the Court need not determine if Ivy knowingly and intelligently waived such right.

**II. Factual Basis for Guilty Plea**

The Federal Rules of Criminal Procedure require the court "determinate that there is a factual basis for the plea" prior to entering judgment on a plea of guilty. Fed. R. Crim. P. 11(b)(3). "When faced with a challenge to the sufficiency of the factual basis for a defendant's guilty plea, we consider 'whether the record of the plea hearing . . . establishes a factual basis for all the elements of' the offense pled.'" *U.S. v. Smith*, No. 06-4157, 2007 WL 2088686, *3 (6th Cir. July 19, 2007) (citing *United States v. Tunning*, 69 F.3d 107, 112 (6th Cir.1995)). Simple assault pursuant to 18 U.S.C. 113(a)(5) requires the defendant deliberately touch another in a patently offensive manor without justification or excuse. *See U.S. v. Bayes,* 210 F.3d 64, 68 (1st Cir. 2000). Defendant's intent to injure the victim or threaten the victim with harm is not relevant. *Id.*

A defendant's challenge to the factual basis for his guilty plea is usually reviewed for abuse of discretion. *United States v. Bennett*, 291 F.3d 888, 894 (6th Cir.2002). However, if the defendant did not object on Rule 11 grounds before the trial court, the defendant must demonstrate plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Murdock*, 398 F.3d 491, 496-97 (6th

6

Cir.2005); *United States v. Robinson*, 455 F.3d 602, 610 (6th Cir.2006). Plain error requires the defendant establish his substantial rights were affected "[a]nd because relief on plain-error review is in the discretion of the reviewing court, a defendant has the further burden to persuade the court that the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Vonn*, 535 U.S. at 63 (internal quotations omitted). The United States asserts Ivy failed to challenge the adequacy of the factual basis before the trial court, therefore plain error is the appropriate standard of review. Ivy does not refute this assertion. The Court finds Ivy did not raise a Rule 11 challenge to the adequacy of the factual basis before the trial court. The Court reviews the decision of the magistrate for plain error.

Ivy asserts there was no adequate factual basis established because the trial court failed to establish on the record Ivy's understanding of the elements of the crime for which the plea was entered. Ivy points to his colloquy at the time of plea at which time he stated that the touching was accidental. The relevant portion of the transcript states:

> Assistant United State Attorney Runyan: On or about 16 October 2007 on the Kentucky side of Fort Campbell at Fort Campbell Army Airfield, Mr. James Ivy deliberately and without excuse touch Ms. Tara Quirion.
> . . . In an offensive manner
>
> Judge King: Yeah, ok. First of all, did that happen? Yes or no? Was there, was there a touching of this alleged victim?
>
> Mr. Ivy: It was an accident, yes sir.
>
> Judge King: Nuh, nuh . . . just . . .
>
> Mr. Iv: Yes.
>
> Judge King: Just follow me here . . . uh . . . (to Mr. Hansrote) I have got to get a deliberate out of him. OK? Do you need to work with him? I need a deliberate out of him. There has to be a deliberate touching.

7

(pause on tape)

Mr. Ivy: I deliberately touched her. Yes sir.

. . .

Judge King: Do you acknowledge that this touch of Ms Quirion was patently offensive to her?

Mr. Ivy: Yes.

Judge King: And was there any justification or excuse for you actions?

Mr. Ivy: No.

Judge King: OK, and when this occurred you were on the Kentucky side of Fort Campbell?

Mr. Ivy: Correct.

Change of Plea Hring Tr. at 4-5, June 16, 2008.

The United States contends the colloquy established an adequate factual basis for finding Ivy guilty of simple assault, i.e., Ivy admitted to each element of the crime and the jurisdiction of the court was established. The United States also asserts that Ivy has failed to show the finding of the factual basis was plain error.

The Court finds there is sufficient factual basis for the magistrate judge to enter a plea of guilty. Each element of the offense charged was established; Ivy specifically acknowledged that he deliberately touched the victim without justification. Ivy has failed to establish how his rights have been substantially affected nor has he established that the error seriously affected the fairness, integrity or public reputation of judicial proceedings. Even if the Court were to examine this issue for abuse of discretion, the Court finds the magistrate judge did not abuse his discretion: the transcript makes clear each element of the of offense of simple assault was established definitively.

The Court affirms the decision of the magistrate judge.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED the Court now AFFIRMS the judgment and conviction and DISMISSES the appeal.